## S. BASH & CO. *v.* SIBLE ET AL.

[No. 6,627.    Filed February 24, 1910.]

CONTRACTS.—*Statute of Frauds.—Part Payment.—Partial Delivery. —Evidence.*—Where the evidence shows that the defendant company contracted orally for a quantity of onions for the price of over $50, and a part of the onions were delivered, the remainder being sacked at the company's request, and a payment made upon them, a verdict for the plaintiffs for the remainder due is supported, such contract being taken out of the statute of frauds by such partial delivery and partial payment (§7469 Burns 1908, §4910 R. S. 1881).

From Allen Circuit Court; *E. O'Rourke,* Judge.

Action by William B. Sible and another against S. Bash & Co. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Barrett & Morris,* for appellant.

*Robinson & Luecke,* for appellees.

WATSON, J.—The complaint was in two paragraphs. The first averred that appellees, on November 19, 1906, were the joint owners of red and yellow onions stored in separate and distinct lots in the barn of Fisher C. West, Huntertown, Indiana; that appellant was a corporation, and George Warcup was its duly authorized agent for the purchase of onions; that acting as such agent he purchased the onions, after an inspection thereof, for the sum of $454.36, which he agreed to pay to appellees on or before December 3, 1906, that on November 19, 1906, appellees delivered the onions to appellant; that appellant then and there received and accepted the onions under the foregoing contract; that the onions so purchased by and received into the possession of appellant were to be removed from said barn not later than December 3, 1906; that appellees agreed to hold the goods as bailees until December 3, 1906, appellant agreeing to take the onions away as rapidly as convenient; that, in consideration of the purchase, appellees agreed with appellant, on notice, to haul the onions without extra charge to Stoner Station; that on November 28 and 29, 1906, at the request of appellant, appellees hauled to said station 554 bushels of red onions, and to Huntertown 129 bushels of yellow onions, being a portion of the onions so sold; that appellees on November 30, at the special instance and request of appellant, placed in sacks in said barn all the red onions then remaining, and on November 29, 1906, appellant paid to appellees $202.32, as part payment for the onions so purchased; that appellees were ready and willing to haul the onions, but that no request was made for them to do so, no notice was given to them nor were any directions re-

ceived by them; that appellees performed all the conditions of the contract to be performed by them, but that appellant failed and refused to remove the remaining onions from the barn, by reason of which they became worthless. The second paragraph of the complaint contains substantially the same averments as the first, with the additional averment of the price per bushel to be paid for the onions.

The cause was put at issue, trial had by the court, and finding and judgment given in favor of appellees for the sum of $297. The cause was appealed to this court, and the errors assigned are: (1) That the decision is not sustained by sufficient evidence, and (2) that the decision is contrary to law.

Appellees contend that at the time appellant's agent made the contract for the onions there was such a delivery as took the contract out of the statute of frauds. On the contrary, appellant contends that the delivery was not such as would bind it. Whether, under all the circumstances, considering the character of the property, the nature of the transaction, the relations of the parties one to another, and their relations with reference to the sale, there was such a delivery as would take this case out of the statute of frauds, it is unnecessary for us to determine this action. Section 7469 Burns 1908, §4910 R. S. 1881, is as follows: "No contract for the sale of any goods, for the price of $50 or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

It is averred in the complaint and shown by the record that part of these onions, in fact, most of them, had been delivered to and received by appellant, and that it had made part payment therefor in the sum of $202.32; that the

onions then remaining undelivered were sacked at the instance and request of appellant, prior to December 3, 1906, but no notice or request to appellees was made for the hauling of such onions to the station.

The judgment of the court below is not contrary to the evidence, but is fully sustained thereby; nor is the judgment contrary to law.

Judgment affirmed.